IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DEANNA LYNN KEITH, § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | Civil Action No. 4:15-CV-086-O |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Deanna Lynn Keith, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On November 5, 2013, pursuant to a plea agreement, Petitioner pleaded guilty in the 355th Judicial District Court of Hood County, Texas, Case No. CR12432, to evading arrest and true to the two enhancements paragraphs in the indictment, and the trial court found Petitioner guilty and the enhancement paragraphs true and assessed her punishment at 17 years' imprisonment and a $3000 fine. Adm. R., State Writ 52-58, ECF No. 16-10. Having waived her right of appeal, Petitioner did not directly appeal her conviction or sentence. *Id.* at 51. On October 1, 2014,[1] Petitioner filed a state

---

[1]A state habeas application filed by an inmate is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not state the date she placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on October

habeas-corpus application, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on April 1, 2015, without written order on the findings of the trial court. *Id.* at 21 & "Action Taken," ECF No. 16-8. Petitioner filed this federal habeas petition on January 30, 2015,[2] wherein she claims that her enhanced sentence under Texas's repeat-offender statute is illegal and excessive (grounds one, two, and four), that she received ineffective assistance of trial counsel (ground three), and that the state engaged in prosecutorial misconduct (ground five). Pet. 6-7 & Pet'r's Mem. 5, ECF No. 1.

This Court issued a show cause order upon Respondent on February 5, 2015, and she filed a responsive pleading on the merits. Order, ECF No. 5; Resp't's Answer, ECF No. 17. Thereafter, upon review of the pleadings and state court records, this Court issued a second show cause order upon Respondent on April 17, 2017, directing her to file a supplemental answer addressing the issue of limitations. Supp. Order, ECF No. 31. Respondent contends in her supplemental answer that the petition is time-barred under the federal statute of limitations. Resp't's Supp. Answer 1-4, ECF No. 33. Petitioner, on the other hand, asserts in her supplemental reply that Respondent waived the limitations defense by not raising it in her original answer and that this Court had no authority to raise the issue sua sponte. Pet'r's Resp. 3-5, ECF No. 34. The United States Supreme Court has made clear that, although a federal court is under no obligation to raise the limitations defense sua sponte, it may do so as long as, before acting on its own initiative, the court accords the parties fair notice and an opportunity to present their positions on the issue. *Day v. McDonough,* 547 U.S. 198,

---

1, 2015; thus, the Court deems the application filed on that date.

[2]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

209-10 (2006). Such notice and opportunity were afforded the parties here. Thus, this Court was within its authority to raise the issue sua sponte.

**II. DISCUSSION**

Title 28, United States Code § 2244(d), imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims involve matters related to her 2013 Hood County plea proceedings and resulting judgment of conviction and sentence, subsection (A) applies to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this

provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on December 5, 2013, and closed one year later on December 5, 2014, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application filed on October 1, 2014, and denied on November 19, 2014, operates to toll the limitations period for 50 days, making Petitioner's federal petition due on or before January 24, 2015, under the statutory tolling provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[3] Therefore, Petitioner's petition filed on January 30, 2015, is untimely unless she can demonstrate that she is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner appears to attribute her delay to the trial court's failure to receive her initial hand-written state habeas application mailed to that court in February 2014, a fact she discovered only after filing a writ of mandamus in the Texas Court of Criminal Appeals in May 2014; her desire to have the federal court "override" the state courts by filing her first federal petition before exhausting her state-

---

[3]On May 19, 2014, the trial court entered a judgment nunc pro tunc correcting an unintentional error in the original judgment regarding the sex offender registration requirement. *Id.* at 65-67. Because the nunc pro tunc judgment did not concern the substance of Petitioner's conviction or sentence, it does not set off the date of commencement of the limitations period or operate to toll limitations under the statutory tolling provision. *Harrelson v. Swan,* 381 Fed. App'x 336, 2010 WL 2340827, at *2 (5th Cir.), *cert. denied,* 562 U.S. 1109 (2010). Nor does Petitioner's petition for writ of mandamus filed in state court or her prior federal habeas petition filed in this Court operate to toll limitations under the statutory provision. *Duncan v. Walker,* 533 U.S. 167, 181 (2001); *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied,* 537 U.S. 1236 (2003).

4

court remedies; and other circumstances beyond her control–*i.e.,* prison lockdowns and "rack-ups" without "legal lay-ins" or commissary. Pet. 9, ECF No. 1. Petitioner's admitted attempt to bypass the state courts and seek federal habeas relief prior to any state-court ruling on her claims does not warrant equitable tolling because by doing so would allow habeas petitioners to circumvent the exhaustion requirement and undermine the system of comity established by federal law. *Larry v. Dretke,* 361 F.3d 890, 898 (5th Cir. 2004). Additionally, Petitioner's ignorance of the law and filing rules, pro se status, incarceration, prison lockdowns, and limited access to supplies are common problems for inmates seeking postconviction habeas relief and do not constitute extraordinary circumstances warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999); *Akins v. United States,* 204 F.3d 1086, 1089-90 (11th Cir. 2000). In sum, Petitioner does not demonstrate that exceptional circumstances prevented her from filing a timely petition or make any reference to actual innocence in her petition.

Accordingly, Petitioner's federal petition was due on or before January 24, 2015. Her petition filed on January 30, 2015, is therefore untimely.

### III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability is also DENIED.

**SO ORDERED** on this 12th day of June, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**